| | |
|---|---|
| **DISTRICT COURT, WELD COUNTY, COLORADO**<br>915 10th St.<br>Greeley, CO 80631 | DATE FILED: October 6, 2020 10:01 AM<br>FILING ID: 7EFDEB1F7D5A9<br>CASE NUMBER: 2020CV30700 |
| **TISH MCNANEY,**<br>Plaintiff<br><br>v.<br><br>**DILLON COMPANIES, LLC, dba KING SOOPERS,**<br>**Defendant.** | ↑   Court Use Only   ↑ |
| **Jolene C. Blair #15934**<br>**Troy A. Ukasick, #22853**<br>VanMeveren Law Group, P.C.<br>2038 Caribou Drive, Suite 101<br>Fort Collins, CO 80525<br>Telephone (970) 495-9741<br>Fax (970) 495-6854<br>jblair@vanmeverenlaw.com<br>troy@vanmeverenlaw.com | Case No.<br><br>Division: |

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Tish McNaney, by and through undersigned counsel, VanMeveren Law Group, P.C., Jolene C. Blair and Troy A. Ukasick appearing, for her Complaint against the above-named defendant, Dillon Companies, LLC dba King Soopers, states and alleges as follows:

### I.   PARTIES

1. At all times relevant and hereinafter mentioned, Plaintiff, Tish McNaney (**MCNANEY)**, was and is a resident of Weld County, Colorado with a permanent address of 11507 County Road 70, Windsor, CO 80550.

2. On information and belief, at all times pertinent hereto, Defendant Dillon Companies dba King Soopers (**KING SOOPERS**), is a foreign corporation doing business in Colorado with a local business address of 1520 Main Street, Windsor, CO 80550, a principal office address of 2700 E. 4th St., Hutchinson, KS 67501-1903, and a registered agent at Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

### II.   JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to C.R.S. § 13-1-124.

4. This suit stems from an incident occurring at Defendant's location at 1520 Main Street, Windsor, CO 80550, Weld County. This Court has jurisdiction over the parties and

1                                   **EXHIBIT A**

subject matter, and venue is proper in Weld County pursuant to Rule 98(c)(5) of the Colorado Rules of Civil Procedure.

### III.    GENERAL ALLEGATIONS

5. On October 19, 2018, **MCNANEY** was grocery shopping at **KING SOOPERS**. She was carrying one of **KING SOOPERS'** small shopping baskets.

6. On October 19, 2018, **MCNANEY** was an invitee of **KING SOOPERS**.

7. As she came around the corner of a shopping aisle intending to walk down the bread aisle, she tripped on something on the floor. She fell forward and to the right, landing on her right knee and right side.

8. She looked back to see what she had tripped over and observed a plastic bread pallet that had been left on the floor in the aisle near the end cap.

9. Another guest of the store saw **MCNANEY** fall and rushed over to help her. Together they sought out the manager of the store to report the incident and **MCNANEY** filled out an incident report.

### IV.    FIRST CLAIM FOR RELIEF
(Premises Liability as against KING SOOPERS)

10. **MCNANEY** incorporates by reference paragraphs 1 through 9 of her Complaint and Jury Demand as if fully set forth herein.

11. At all times pertinent hereto, the provisions of C.R.S. §13-21-115 were in effect.

12. On or about October 18, 2018, **MCNANEY** entered **KING SOOPERS** during normal business hours.

13. At all times pertinent hereto, **KING SOOPERS** owned, legally occupied and/or controlled the premises at 1520 Main Street, Windsor, CO 80550.

14. **MCNANEY** was an "invitee" as that term is contemplated by C.R.S. §13-21-115.

15. **KING SOOPERS** was a "landowner" as that term is contemplated by C.R.S. §13-21-115.

16. At all times pertinent hereto, **KING SOOPERS** and its agents and employees were legally responsible for the condition of and circumstances existing at the subject grocery store located at 1520 Main Street, Windsor, CO 80550.

17. At all times pertinent hereto, **KING SOOPERS** generally had a duty to use reasonable care with respect to any danger on the property about which it knew or should have

known, should have acted as a reasonable property owner given the probability or foreseeability of injury to others without exposing an unreasonable risk of harm or injury to invitees, customers, patrons, and others, and is responsible for any injury occurring on the property.

18. At all times pertinent hereto, **KING SOOPERS** and its agents and employees were responsible for inspecting and maintaining the subject property, including reasonable periodic property inspections, performance of preventative maintenance, recognizing and implementing reasonable remedies and safeguards, and providing a reasonably safe property without exposing an unreasonable risk of harm or injury to invitees, customers, patrons and others.

19. At all times pertinent hereto, **KING SOOPERS** and its agents and employees failed to take appropriate action to maintain the floors and pathways of its grocery store in a reasonably safe condition and failed to identify and rectify the unsafe and dangerous condition and trip hazard on the property which existed on October 19, 2018.

20. At all times pertinent hereto, the plastic bread pallet left on the grocery store floor by **KING SOOPERS** agents and employees was an unsafe and dangerous condition and trip hazard.

21. At all times pertinent hereto, **KING SOOPERS** and its agents and employees knew or should have known of the unsafe and dangerous condition and trip hazard existing on the floor of the bread aisle in its store.

22. At all times pertinent hereto, **KING SOOPERS** and its agents and employees had a duty to use reasonable care concerning any dangers, including trip hazards, in any area they exercise control over, including the floors of its grocery aisles.

23. At all times pertinent hereto, **KING SOOPERS** and its agents and employees unreasonably failed to use reasonable care with respect to the danger presented by the lack of inspection and elimination of the trip hazard present on the floor of its aisle, thereby exposing **MCNANEY** to an unreasonable risk of physical injury or harm.

24. At all times pertinent hereto, **KING SOOPERS** and its agents and employees failed to warn its customers, patrons and others of the unreasonable risk of harm or injury the plastic pallet on the floor presented.

25. **KING SOOPERS** and its agents and employees' failure to inspect and recognize the unsafe and dangerous condition and trip hazard presented by the pallet on the floor was an unreasonable failure to exercise reasonable care to protect against a danger of which they knew or should have known as contemplated by C.R.S. §13-21-115.

26. **MCNANEY'S** damages suffered as a direct and proximate result of **KING SOOPERS** and its employees' failure to exercise reasonable care to properly inspect, maintain and

clear the floor of its shopping aisles as contemplated by C.R.S. §13-21-115, include but are not limited to:
   a. Severe physical injuries;
   b. Past and future medical expenses;
   c. Past and future pain and suffering, mental anguish and emotional distress;
   d. Past and future loss of the normal pursuits and pleasures in life;
   e. Permanent physical impairment, disability, injury and disfigurement; and
   f. Other compensatory damages.

## V.  SECOND CLAIM FOR RELIEF
### (Negligence as against KING SOOPERS)

27. **MCNANEY** incorporates by reference paragraphs 1 through 26 of her Complaint and Jury Demand as if fully set forth herein.

28. **KING SOOPERS** and its employees owed a duty to **MCNANEY** to exercise reasonable care to protect invitees, including customers, patrons and others from any unreasonable risk of harm, injury or danger of which they knew or reasonably should have known.

29. At all times pertinent hereto, **KING SOOPERS** and its agents and employees breached this duty of care.

30. At all times pertinent hereto, **KING SOOPERS** and its agents and employees negligently failed to properly inspect, maintain and clear the subject area and present the property in a reasonably safe condition that would not expose customers, patrons and others to an unreasonable risk of harm or injury.

31. The dangerous condition of the trip hazard on the store floor proximately caused **MCNANEY** to sustain severe and debilitating injuries and incur significant damages.

32. **MCNANEY** suffered damages as a direct and proximate result of the negligence of **KING SOOPERS** and its agents and employees, which include but are not limited to:
   a. Severe physical injuries;
   b. Past and future medical expenses;
   c. Past and future pain and suffering, mental anguish and emotional distress;
   d. Past and future loss of the normal pursuits and pleasures in life;
   e. Permanent physical impairment, disability, injury and disfigurement; and
   f. Other compensatory damages.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for the special and general damages she sustained, including, but not limited to, past and future health care expenses, permanent impairment, past and future pain and suffering, disfigurement, emotional distress, loss of enjoyment of life, pre- and post-judgment interest,

expert witness fees, costs, consequential damages, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six persons of all issues so triable and submits the required jury fees with the Complaint and Jury Demand.

Dated this 6th day of October 2020.

VANMEVEREN LAW GROUP, P.C.
/s/ Jolene C. Blair
Jolene C. Blair - #15934
2038 Caribou Drive, Ste. 101
Fort Collins, CO 80525
Telephone: (970) 495-9741
Facsimile: (970) 495-6854

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2020, the foregoing Complaint and Jury Demand was filed with the Court via ICCES and courtesy copies were sent to the following according to the Colorado Rules of Civil Procedure.

**Plaintiff's Address:**
11507 County Road 70
Windsor, CO  80550


Corporation Service Company
King Soopers' Registered Agent
1900 W. Littleton Boulevard
Littleton, CO 80120

/s/ Katie Wooding
Katie Wooding
Legal Assistant
VanMeveren Law Group, P.C.